UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHANEL NELSON,

    Plaintiff,

  v.                                                      Case No. 19-CV-1172

ANDREW M. SAUL,
**Commissioner of Social Security,**

    Defendant.

---

## DECISION AND ORDER

---

Chanel Nelson seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claim for a period of disability and disability insurance benefits under the Social Security Act, 42 U.S.C. § 405(g). For the reasons below, the Commissioner's decision is reversed and the case is remanded for further proceedings consistent with this decision pursuant to 42 U.S.C. § 405(g), sentence four.

## BACKGROUND

Nelson filed an application for a period of disability and disability insurance benefits alleging disability beginning on January 1, 2016 due to back injury, arthritis to spine, fibromyalgia, bursitis right hip, mitral valve regurgitation, insomnia, weight gain, and anxiety. (Tr. 83–84.) Nelson's application was denied initially and upon reconsideration. (Tr. 13.) Nelson filed a request for a hearing and a hearing was held before Administrative Law Judge ("ALJ") Dean Syrjanen on June 5, 2018. (Tr. 31–82.) Nelson testified at the hearing, as did Jill Radke, a vocational expert. (Tr. 31.)

1

In a written decision issued September 26, 2018, the ALJ found that while Nelson worked after her alleged onset date managing her adult group home business along with her ex-husband, the work did not rise to the level of substantial gainful activity because Nelson did not render services significant to the business' operation. (Tr. 15.) The ALJ further found that Nelson had the severe impairments of fibromyalgia, chronic pain syndrome, lumbar facet arthropathy, depressive disorder, and anxiety disorder. (*Id.*) The ALJ also found that Nelson did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (the "listings"). (Tr. 16.) The ALJ then determined that Nelson had the residual functional capacity ("RFC") to perform light work, with the following limitations: can never climb ladders, ropes, and stairs; can occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs; requires the ability to alternate her position between sitting and standing at least every 15 minutes without leaving the work station or being off task; can never be exposed to workplace hazards, such as moving mechanical parts or unprotected heights; limited to performing simple, routine, and repetitive tasks and understanding, carrying out, and remembering simple instructions; and limited to jobs without inflexible or fast-paced production requirements and no more than occasional changes in the work setting. (Tr. 18.)

While the ALJ found that Nelson was unable to perform any of her past relevant work (Tr. 22), the ALJ determined that given Nelson's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that she could perform. (*Id.*) Accordingly, the ALJ found that Nelson was not disabled from her alleged onset date until the date of the decision. (Tr. 23.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Nelson's request for review. (Tr. 1–6.)

## DISCUSSION

### 1. *Applicable Legal Standards*

The Commissioner's final decision will be upheld if the ALJ applied the correct legal standards and supported his decision with substantial evidence. 42 U.S.C. § 405(g); *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). Substantial evidence is not conclusive evidence; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schaaf v. Astrue*, 602 F.3d 869, 874 (7th Cir. 2010) (internal quotation and citation omitted). Although a decision denying benefits need not discuss every piece of evidence, remand is appropriate when an ALJ fails to provide adequate support for the conclusions drawn. *Jelinek*, 662 F.3d at 811. The ALJ must provide a "logical bridge" between the evidence and conclusions. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

The ALJ is also expected to follow the SSA's rulings and regulations in making a determination. Failure to do so, unless the error is harmless, requires reversal. *Prochaska v. Barnhart*, 454 F.3d 731, 736–37 (7th Cir. 2006). In reviewing the entire record, the court does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). Finally, judicial review is limited to the rationales offered by the ALJ. *Shauger v. Astrue*, 675 F.3d 690, 697 (7th Cir. 2012) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Campbell v. Astrue*, 627 F.3d 299, 307 (7th Cir. 2010)).

### 2. *Application to this Case*

Nelson alleges that the ALJ erred in determining her RFC. Specifically, she argues that the limitation to light work was unsupported by any medical opinion discussed or addressed by the ALJ; that the ALJ improperly evaluated the opinions of her treating

providers and the findings of a consultative examiner; and the ALJ failed to properly evaluate her subjective symptoms.

While I agree that the ALJ erred in his assessment of Nelson's RFC, not for the reasons specifically articulated by Nelson. This is a curious case in that the ALJ did not mention, much less evaluate, the opinions of the State agency physicians and psychologists at either the initial or reconsideration levels. As the regulations provide, while ALJs are not required to adopt any administrative medical findings from State agency medical or psychological consultants, they must consider the evidence under 20 C.F.R. § 404.1527. *See* 20 C.F.R. § 404.1513a. Because, as the regulation states, "our Federal or State agency medical or psychological consultants are highly qualified and experts in Social Security disability evaluation," *id.*, it is uncommon to have absolutely no discussion of their opinions in an ALJ's decision.

The ALJ's failure to discuss the State agency medical opinions impacts Nelson's case in two specific ways. First, Nelson challenges how the ALJ arrived at a light RFC when, "not a single medical opinion discussed or evaluated by the ALJ" assesses Nelson with a light RFC. (Pl.'s Br. at 6–7, Docket # 15.) While Nelson's statement is literally correct (in that not a single medical opinion *discussed or evaluated* by the ALJ opines a light RFC), the record shows that State agency physician Dr. Janis Byrd opined that Nelson could perform light exertional work while alternating between sitting and standing as needed. (Tr. 107.) Thus, I can assume that the ALJ relied, at least in part, on Dr. Byrd's opinion in crafting a light RFC with a sit/stand option. Given the fact that this record support exists, coupled with the ALJ's explanation of why he was rejecting the opinions of her treating provider and the consultative

4

Case 2:19-cv-01172-NJ   Filed 10/27/20   Page 4 of 7   Document 20

examiner limiting her to sedentary work (Tr. 19, 21), the ALJ's failure to specifically cite Dr. Byrd's opinion might constitute harmless error.

More concerning, however, is the ALJ's failure to evaluate the opinion of State agency psychologist Dr. Jack Spear, who, at the reconsideration level, opined that Nelson had marked difficulties in maintaining social functioning. (Tr. 104.) In his Mental RFC Assessment, Dr. Spear opined that Nelson was moderately limited in her ability to interact appropriately with the general public and to accept instructions and respond appropriately to criticism from supervisors. (Tr. 108.) Dr. Spear based his opinion on the fact that Nelson had a history of frequent irritability and difficulty getting along with authority figures. (*Id.*) Dr. Spear noted that while Nelson worked managing the business operations of three group homes, her work was via telephone and paperwork from home with "face-to-face contacts at times." (*Id.*) In assessing Nelson's social functioning, however, the ALJ found that she had only mild limitations. (Tr. 17.) In so doing, the ALJ rejected the opinion of consultative examiner Dr. Marilyn Befera-Zielinski, who, like Dr. Spear, opined that Nelson would have difficulty responding appropriately to supervisors and co-workers. (Tr. 20.) The ALJ rejected this opinion because of Nelson's group home work. (*Id.*) The ALJ reasoned that Nelson did not specifically inform Dr. Befera-Zielinski of what her work entailed, which the ALJ found showed tasks indicating good social functioning, such as hiring and firing employees, interviewing candidates, and providing employee training. (*Id.*) Dr. Spear, however, came to the same conclusion as Dr. Befera-Zielinski after reviewing Nelson's medical records. Moreover, to support the finding of mild limitations in social functioning, the ALJ cited broadly to Nelson's treatment records with her therapist from 2017 and 2018. While there is one treatment record indicating Nelson had to fire an employee (Tr. 1025) and one treatment

5

Case 2:19-cv-01172-NJ   Filed 10/27/20   Page 5 of 7   Document 20

record indicating that she hired a few employees (Tr. 1049), this does not support mild limitations in social functioning. Again, Dr. Spear considered the fact that Nelson had "face-to-face contacts at times" in the course of her group home work in finding marked limitations in social functioning. Thus, two records are not inconsistent with Dr. Spear's finding that Nelson would be moderately limited in her ability to accept instructions and respond appropriately to criticism from supervisors, especially since Dr. Spear focused on Nelson's reports of not getting along with authority figures and not wanting to be told what to do. (Tr. 108.) Although an ALJ is not required to address every piece of evidence or testimony presented, he must provide a "logical bridge" between the evidence and his conclusions. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). Given that a State agency psychologist, who, as the regulations acknowledge, are "experts in Social Security disability evaluation," opined that Nelson had marked limitations in social functioning, it was error for the ALJ not to address it.

As such, remand is appropriate for the ALJ to properly weigh all of the opinion evidence in the record.

## CONCLUSION

Although Nelson requests that this Court award her benefits in lieu of remanding the case, an award of benefits is appropriate only "if all factual issues have been resolved and the record supports a finding of disability." *Briscoe ex rel Taylor v. Barnhart*, 425 F.3d 345, 356 (7th Cir. 2005). Here, there are unresolved issues, and this is not a case where the "record supports only one conclusion—that the applicant qualifies for disability benefits." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011). Therefore, the case is appropriate for remand pursuant to 42 U.S.C. § 405(g), sentence four.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the Commissioner's decision is **REVERSED**, and the case is **REMANDED** for further proceedings consistent with this decision pursuant to 42 U.S.C. § 405(g), sentence four.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 27th day of October, 2020.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge